NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA WILTZ, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-3915(DMC) |
| MIDDLESEX COUNTY OFFICE OF : | |
| THE PROSECUTOR, et al. : | |
| Defendants. : | |

  This matter comes before the Court upon a motion to amend filed by Plaintiff Cassandra Wiltz ("Plaintiff"), three motions to dismiss filed by 1) Defendants John J. Eccleston, R.D. Hunter & Company, and Hunter Group CPA ("Hunter Defendants"), 2) Defendants Middlesex Borough Police Department, Michael Mastrogiovanni, Dennis G. Donnatelli, Matthew Geist, Greg Sharkey, and James L. Benson ("Police Defendants"), and 3) Defendants Plainfield Area Regional Sewerage Authority ("PARSA"), Robert Villee, Frank Kunz, Cindy Lee Kuntz, Al Ellis, Robert Johnston, Carol Pizzuto, David Ervin, Herbert Lauterwald, Jr., James Koch, Herbert Populus, William Thomas ("PARSA Defendants"), Defendant Mazariti, Falcon and Healey ("Defendant Maraziti "), Defendant Ruitenberg, and Defendant Carney, and a motion for summary judgment filed by Defendants Middlesex County Office of the Prosecutor, William F. Lamb, Gary Charydczak, Frank D. Dininno, and Bruce Kaplan ("Prosecutor Defendants").  No oral argument was heard pursuant to Rule 78. For the following reasons, Plaintiff's motion for leave to amend is **denied**, and all Defendants' motions are **granted**.

## I. BACKGROUND

Plaintiff originally brought this action in New Jersey Superior Court, Law Division, Middlesex County.  The PARSA Defendants, Defendant Mazariti, Falcon and Healey ("Defendant Maraziti "), Defendant Ruitenberg, and Defendant Carney removed the action to federal court on August 5, 2005.

Plaintiff's *pro se* Complaint names twenty-nine Defendants and alleges four counts for relief.  In a pleading over fifty pages in length, with one-hundred sixty-seven paragraphs, Plaintiff recounts a series of dates and events that occurred in connection with her resignation from her employment as a certified public accountant for the PARSA Board of Commissioners, a position she held from September 1997 until November 1, 1999.  (Comp.)  Plaintiff also addresses circumstances surrounding her arrest and indictment for burglary and computer theft.  (Comp.)  Plaintiff was tried and acquitted on the burglary charge, and the computer theft charge was voluntarily dismissed.  (Comp. ¶146-7.)

Due to the length and the narrative nature of Plaintiff's *pro se* Complaint, this Court struggled to identify the distinct causes of action Plaintiff is asserting.  For the sake of clarity, the Court will separate Plaintiff's Complaint into the following individual counts:

- (1) violation of 42 U.S.C. § 1983 for deprivation of her civil rights including her Fourteenth Amendment right to due process and Fourth Amendment right to be free from unreasonable search and seizure, malicious prosecution and malicious abuse of process against all Defendants;
- (2) violation of 42 U.S.C. § 1985(2) for obstruction of justice and 42 U.S.C. § 1985(3) for conspiring to maliciously prosecute Plaintiff, abuse the legal process, deny Plaintiff due process and equal protection, deny Plaintiff her position of employment and the ability to earn a living, against all Defendants;
- (3) violation of 42 U.S.C. § 1986, for acting negligently in maliciously

      prosecuting Plaintiff and maliciously abusing the legal process against Defendants James L. Benson, Al Ellis, Robert Johnston, Carol Pizzuto, David Ervin, Herbert Lauterwald, Jr., James Koch, William Populus, William J. Thomas, David J. Ruitenberg, Brent T. Carney, and the Maraziti Defendants

- (4) common law claims for malicious prosecution and abuse of the legal process alleged against all defendants except Frank Kunz and Cindy Lee Kuntz.

## II. MOTION TO AMEND

Plaintiff seeks leave to amend her Initial Complaint to add as Defendants the law firm of Schwartz, Simon, Edelstein Celso and Kessler, LLP ("the Schwartz Firm"), and Individual Defendants John Mumber and Michael Weiss. (Prop. Am. Comp.) Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading and Courts are directed to grant such leave "when justice so requires." Fed. R. Civ. Pr. 15(a). Indeed, the Supreme Court has stated that "in the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Prosecutor Defendants and the Schwartz law firm argue that Plaintiff should be denied leave to amend on the grounds that the proposed amendments would both be futile and are submitted in bad faith. This Court agrees. Furthermore, the Court notes that granting Plaintiff leave to amend at this stage of litigation would result in undue delay. The instant motion to amend was filed on March 31, 2006, nearly seven months after Plaintiff filed her initial complaint, and after all of the twenty-nine defendants had engaged in motion practice relating to the initial complaint. In fact, Plaintiff's motion to amend her complaint was submitted together

with her opposition to the summary judgment motion filed by the Prosecutor Defendants. Plaintiff offers no explanation as to why she waited until faced with dismissal and summary judgment to seek leave to amend her Complaint. In addition, Plaintiff offers no proof other than conclusory allegations to support her claims against the Schwartz firm and Mssrs. Mumber and Weiss, and the Court deems them futile. In light of the above, Plaintiff's motion for leave to amend her Complaint is denied.

### III. MOTIONS FOR DISMISSAL AND SUMMARY JUDGMENT

**1) Standard of Review**

*A) Dismissal*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and must be viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

B) *Summary Judgment*

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact and it must prevail as a matter of law, or that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331.  If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts which support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed.R.Civ.P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

**2) Plaintiff's Federal Claims**

   *A) Hunter Defendants are not State Actors*

The Hunter Defendants move to dismiss Plaintiff's Title 42 claims on the grounds that they are not state actors within the meaning of the statute.  Pursuant to 42 U.S.C. 1983, 1985 and 1986, a person such as Plaintiff may seek redress for a violation of his or her federal civil rights by a person who was acting under color of state law.  Plaintiff alleges that the Hunter Defendants, a group of Defendants consisting of a private accountant and two private accounting firms, should be considered state actors under Title 42.  According to Plaintiff, the Hunter Defendants were acting under color of state law when they prepared financial statements for PARSA, and received compensation for such services.

For a private actor to be deemed to have acted "under color of State law" he or she must "have exercised power possessed by virtue of State law and made possible only because the wrongdoer is clothed with the authority of State law." West v. Atkins, 487 U.S. 42, 49 (1988) (citation omitted). Here, Plaintiff has failed to allege any facts that would support an inference that the Hunter Defendants exercised power that was made possible only because they were cloaked with the authority of state law. Rather, the allegations made by Plaintiff against the Hunter Defendants relate to actions taken in their capacity as accountants in preparing financial reports. Furthermore, Plaintiff has failed to allege any facts revealing a conspiracy between the Hunter defendants and the PARSA Defendants, which could bring the former within the definition of acting "under color of state law." See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)(holding that an actor need not be an officer of the state to act "under color of state law" if such private persons are willfully engaged with state actors in a conspiracy). Thus, because Plaintiff has failed to allege that the Hunter Defendants were acting under color of state law, the Court finds them not to be state actors pursuant to 42 U.S.C. 1983, 1985 and 1986, and dismisses Plaintiff's federal claims in their entirety against the Hunter Defendants.

*B) Time-Barred Claims*

The PARSA Defendants, the Police Defendants, and the Prosecutor Defendants move for dismissal of Plaintiff's federal claims on statute of limitations grounds. It is well established that the statute of limitations for any Section 1983 claim is defined by the state statute which limits actions for personal injuries. Wilson v. Garcia, 471 U.S. 261, 276 (1985). "In New Jersey that statute is N.J.S.A. 2A:14-2, which provides that an action for an injury to the person caused by a

wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Brown v. Foley, 810 F.2d 55, 56 (3d Cir.1987). As such, Plaintiff's Section 1983 claims are governed by a two-year statute of limitations.

Although the statute of limitations period is borrowed from the law of the forum state, federal law governs the accrual of such an action. Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir.1992). See Street v. Vose, 936 F.2d 38, 40 (1st Cir.1991); Rodriguez Narvaez v. Nazario, 895 F.2d 38, 42 (1st Cir.1990). Under federal law, a Section 1983 cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. Mullen v. Port Authority of New York and New Jersey, 100 F.Supp.2d 249, 260 (D.N.J.,1999)(citing Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir.1998)) see also Deary v. Three Un-Named Police Officers, 746 F.2d 185, 193 (3d Cir.1984).

   All of Plaintiff's Section 1983 claims, except for malicious prosecution and abuse of process are grounded in alleged violations of her Fourth and Fourteenth Amendment rights. Specifically, Plaintiff alleges that Defendants treated her differently than non-African American employees, thereby violating her equal protection rights, that Defendants violated her procedural due process rights by allegedly applying different policies to her resignation and removal from employment, that she was deprived of her property interest in continued employment, and that she was denied the right to be free of unreasonable search and seizure. These causes of action are most closely akin to personal injury actions. The New Jersey statute of limitations on personal injury actions is two years. Simone v. Narducci, 262 F.Supp. 2d 381, 387 (D.N.J. 2003). By Plaintiff's own admission, her termination from her position at PARSA and her arrest

for computer theft and burglary occurred in November 1999.  (Pl. Comp. at ¶36-40, 87.)  As such, her causes of action began to accrue in or about November 1999, the date of her termination and therefore the date when she would have or reasonably should have known of the injury.  Plaintiff's Complaint was filed on July 6, 2005, nearly six years after the accrual of these causes of action.  As such, Plaintiff's Section 1983 claims based on the Fourth and Fourteenth Amendments expired at some point in November 2001, and are clearly barred by the two-year statute of limitations.

The Court notes that Plaintiff's Section 1983 claim for malicious prosecution is not time-barred.  A Section 1983claim based on malicious prosecution does not accrue until proceedings against the criminal defendant are dismissed.  Smith v. Holtz, 87 F.3d 108, 110 (3d Cir.1996).  The applicable statute of limitations for § 1983 actions derives from the "general or residual [state] statute [of limitations] for personal injury actions." Owens v. Okure, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The relevant statute of limitations under New Jersey law is the two-year statute of limitations applicable to personal injury torts: N.J.S.A. § 2A:14-2. *See* Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 24 (3d Cir.1989).  Plaintiff's cause of action for malicious prosecution began to accrue in August 2004, the date of her acquittal.  Applying the relevant two year statute of limitations, it is clear that at the time Plaintiff filed her complaint the statute of limitations had yet to run.  However, Plaintiff's Section 1983 claim for abuse of process accrued on the date of her arrest, because that is the date on which a plaintiff "would have reason to know of the injury."  Rose v. Bartle, 871 F.2d 331, 350 (3d. 1989)(quoting Deary v. Three Un-Named Police Officers, 746 F.2d 185, 197 n. 16 (3d Cir.1984).  As such, Plaintiff's

cause of action would have begun to accrue on the date of her arrest in November 1999.  Her claim for abuse of process is therefore time-barred.

Defendants also move for dismissal of Plaintiff's 42 U.S.C. § 1985 claims.  Plaintiff alleges that Defendants violated 42 U.S.C. § 1985 by engaging in a conspiracy to deprive her of her equal protection rights and that said conspiracy was motivated by a racial or discriminatory based animus.  She also alleges that Defendants conspired to maliciously prosecute her and abuse the legal process.  Claims brought pursuant to Section 1985 are subject to a two-year statute of limitations.  Thus, the acts that Plaintiff relies upon to prove a Section 1985 conspiracy must fall within this two year statute of limitations.  Plaintiff's claims with respect to a conspiracy to deprive her of equal protection by terminating her employment is based upon facts relating to her termination from her PARSA employment in November 1999.  As such, the statute of limitations on this cause of action ran at some time in November 2001 because that is when she reasonably had knowledge of the injury.  For this reason, Plaintiff's Section 1985 cause of action on Fourteenth Amendment grounds must be dismissed.  Furthermore, liability pursuant to Section 1986 claims is derived from claims brought under Section 1985.  Therefore, Plaintiff may only pursue her claims against Defendants under Section 1986 if her Section 1985 claims are sustained.  In addition, Section 1986 claims have a one (1) year statute of limitations, a requirement Plaintiff has failed to meet.  Thus, Plaintiff's Section 1986 claims for Fourteenth Amendment violations must also be dismissed.

Plaintiff alleges a 42 U.S.C. 1985(3) violation for conspiring to maliciously prosecute and for maliciously abusing the legal process.  As discussed above, the statute of limitations on

Plaintiff's claim for malicious prosecution had not yet expired at the time of the filing of Plaintiff's Complaint, but it had expired for Plaintiff's abuse of process claims. Thus, Plaintiff's claims for conspiracy for malicious prosecution are not barred by the statute of limitations, nor the correlating 1986 claims. However, Plaintiff's claims for conspiracy to abuse the legal process are in fact barred by the statute of limitations.

In sum, Plaintiff's Section 1983 claims on Fourth and Fourteenth Amendment grounds are dismissed against all Defendants. Her Section 1983 claims based on malicious prosecution remain viable at this point in the Court's analysis. Plaintiff's 1985 and 1986 claims for conspiracy to abuse the legal process are also dismissed, but Plaintiff's 1985 and 1986 claims for conspiracy to maliciously prosecute remain.

*C) Failure to State a Claim for Malicious Prosecution under 42 U.S.C. § 1983*

The PARSA Defendants, Defendant Maraziti, Defendants Ruitenberg and Carney, the Police Defendants, and the Prosecutor Defendants move to dismiss Plaintiff's 42 U.S.C. § 1983 claim for malicious prosecution for failure to state a claim.

For a malicious prosecution claim to be actionable under 42 U.S.C. § 1983, a plaintiff cannot merely assert the common-law elements of the tort, but rather must assert an additional deprivation that implicates federally guaranteed rights. Lassoff v. New Jersey, 414 F.Supp.2d 483, 491 (D.N.J. 2006). The Third Circuit has explained that "prosecution without probable cause is not, in and of itself, a constitutional tort." Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998). Implicated in a claim for malicious prosecution is a constitutional violation for deprivation of liberty that accompanies the prosecution. Id. "[A] plaintiff asserting a

malicious prosecution claim must show 'some deprivation of liberty consistent with the concept of seizure.' " Id. (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)). Merely alleging the elements of common law malicious prosecution is insufficient, as all Section 1983 claims "derive first and foremost from the Constitution itself, not necessarily from the analogous common law tort." Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 4 (1st Cir. 1995).

Thus, the Court must first determine whether Plaintiff has identified any deprivation of liberty or seizure in connection with her 1983 malicious prosecution claims. The Supreme Court has stated that a seizure is a show of authority that restrains the liberty of a citizen, or a "government termination of freedom of movement intentionally applied." County of Sacramento v. Lewis, 523 U.S. 833, ---- (1998); see also California v. Hodari D., 499 U.S. 621, 625-27 (1991).

Here, Plaintiff makes a conclusory statement in her Complaint that the actions of the Defendants resulted in her loss of liberty. (Comp. ¶32.) However, the Court has carefully reviewed the remainder of Plaintiff's Complaint and finds a dearth of factual allegations to support Plaintiff's claims that her liberty was deprived during her prosecution and eventual acquittal. In Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir.1998), the Third Circuit found that a plaintiff had been seized when "he had to post a $10,000 bond, he had to attend all court hearings including his trial and arraignment, he was required to contact Pretrial Services on a weekly basis, and he was prohibited from traveling outside New Jersey and Pennsylvania." However, nowhere in Plaintiff's Complaint does she allege any facts relating to her loss of liberty, such as being detained or taken into custody or travel restrictions. The only fact that has

been alleged is that she was indeed arrested on November 11, 1999 and indicted in 2000.

Because Plaintiff has failed to sufficiently allege a constitutional deprivation, she cannot maintain a claim for malicious prosecution pursuant to 42 U.S.C. § 1983. Her Section 1983 claims will be dismissed as to all remaining Defendants. Furthermore, because Plaintiff has failed to allege a deprivation of liberty in connection to her malicious prosecution claims, her 1985(3) and 1986 malicious prosecution claims must also be dismissed.

In sum, Plaintiff's federal claims against all Defendants are dismissed in their entirety. Pursuant to § 1367(c)(1) of the United States Code, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." See Hedges v. Musco, 204 F.3d 109 (3d Cir.2000). The Third Circuit has held that, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995). Here, the Court finds that the interests of judicial economy weigh in favor of retention of the plaintiff's remaining claims and as such, considers them below.

**2) State Law Claims**

The Court noted above that Plaintiff's cause of action for malicious abuse of process expired prior to the filing of her Complaint as it began to accrue on the date of her arrest in November 1999. As such, the Court will consider her common-law claim for malicious prosecution only.

      *A) New Jersey Tort Claims Act*

Plaintiff alleges common law tort claims for malicious prosecution and abuse of the legal process against all defendants except Frank Kunz and Cindy Lee Kuntz. The PARSA Defendants, the Police Defendants and the Prosecutor Defendants move to dismiss Plaintiff's common law claims for failure to comply with the New Jersey Tort Claims Act.

The New Jersey Tort Claims Act ("TCA" or "the Act") provides that a "claimant shall be forever barred from recovering" against a public entity or a public employee unless a notice of claim has been filed with that entity "not later than the ninetieth day after accrual of the cause of action." N.J.S.A. 59:8-9. Courts may permit a late notice of claim to be filed "within one year after the accrual of [the] claim. Id. After the expiration of the one year period, the court lacks jurisdiction to permit the filing of a late notice. Fuller v. Rutgers, 154 N.J. Super 420, 423 (App. Div. 1977), certif. denied, 75 N.J. 610 (1978).

The TCA applies to all claims against a public entity or employee for an "injury" N.J.S.A. 59:2-1(a). The Act broadly defines "injury" as "death, injury to a person, damage to or loss of property or any other injury that a person may suffer that would be actionable if inflicted by a private person." N.J.S.A. 59:1-3. Plaintiff's allegations of malicious prosecution and abuse of the legal process fall under this wide definition.

Here, the PARSA Defendants, the Police Defendants and the Prosecutor Defendants constitute public entities or public employees. As such, Plaintiff was required to file a Notice of

Claim with said Defendants prior to filing her Complaint.[1]  Plaintiff has failed to prove to this Court that she filed notice of her state law claims with any of the Defendants before commencing litigation.  Furthermore, she has not provided an explanation as to her failure to satisfy the TCA's notice requirements.  It appears that Plaintiff's claim for malicious abuse of process would have come into existence on or about August 2004 (the date of her acquittal) and as such Plaintiff would have had to file notice of tort claim within ninety days.  Plaintiff filed her Complaint on July 11, 2005.  Even assuming arguendo that this Court exercised its discretion in permitting a late notice of claim to be filed, the Court's jurisdiction to permit a late filing of notice expired in August 2005.  As such, and because the notice of claim requirement is strictly construed, Plaintiff's state law claims must be dismissed as to the PARSA Defendants, the Police Defendants and the Prosecutor Defendants.

The Court notes that in her opposition papers, Plaintiff claims to have alleged a cause of action for negligence in her Complaint.  However, this Court has reviewed Plaintiff's Complaint and finds no facts or elements to support a cause of action for negligence.  Nevertheless, mindful of the liberal standard of pleading applicable to a pro se plaintiff, the Court notes that any negligence claims are also barred for failure to file a notice of tort claim with the Defendants.

   *B) Failure to State a Claim Malicious Prosecution*

The remaining Defendants, specifically Defendant Maraziti, Defendant Ruitenberg, Defendant Carney and the Hunter Defendants move to dismiss Plaintiff's state law claims on the

---

[1] The fact that a plaintiff filed a complaint does not overcome the Act's bar.  See Guzman v. City of Perth Amboy, 214 N.J. Super 167, 172 (App. Div. 1986).

grounds that Plaintiff has failed to state claims for malicious prosecution.

To prevail on a malicious prosecution claim, "plaintiff must establish that the defendant (1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff..." Failure to prove any one of these four elements denies the plaintiff a cause of action for malicious prosecution. Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 243, 248 (3d. Cir. 2001).

The first element of a malicious prosecution claim requires Defendants to have instituted proceedings against Plaintiff. "While this factor is not met when [a] defendant merely approves or silently acquiesces in the acts of another, it may be met by proof that defendant took "'some active part in instigating or encouraging the prosecution' or 'advis[ing] or assist[ing] another person to begin the proceeding, [or by] ratif[ying] it when it is begun in [sic] defendant's behalf, or [by] tak[ing] any active part in directing or aiding the conduct of the case.' Epperson v. Wal-Mart Stores, Inc. 373 N.J.Super. 522, 531 (N.J.Super.A.D. 2004)(quoting Prosser and Keeton, The Law of Torts § 119 at 872 (5th ed. 1984).

The Court finds that Plaintiff has failed to establish that Defendant Maraziti, Defendant Ruitenberg, or Defendant Carney instituted proceedings against Plaintiff. According to Plaintiff's Complaint, Defendant Maraziti is a private law firm, and Defendants Ruitenberg and Carney are members of that firm. (Comp. ¶29). Plaintiff claims that these three Defendants encouraged the PARSA Defendants to prosecute the Plaintiff. (Comp. ¶71, 149.) However, the Court finds that this conclusory statement is not sufficient to satisfy the first element of malicious prosecution. The Maraziti firm, nor Defendants Ruitenberg or Carney were Plaintiff's employer

at the time of her arrest and termination, and none of said Defendants testified before the State Grand Jury. (Pl. Comp. at ¶¶119, 124-29). The Court finds that Plaintiff's conclusory allegations are too attenuated to support a finding that said Defendants assisted in prosecuting Plaintiff. The same reasoning applies to the Hunter Defendants. The Hunter Defendants prepared financial statements for PARSA, and received compensation for such services. However, Plaintiff's Complaint lacks any factual support for the inference that they instituted proceedings against Plaintiff except for conclusory allegations that they encouraged PARSA to prosecute Plaintiff. As such, Plaintiff has failed to state a sufficient claim for malicious prosecution against Defendant Maraziti, Defendant Ruitenberg, Defendant Carney, or the Hunter Defendants. Her common law claim for malicious prosecution must be dismissed.

C) Negligence

In her opposition papers, Plaintiff claims that she has alleged a cause of action for negligence in her Complaint. However, this Court has reviewed Plaintiff's Complaint in its entirety and agrees with the argument raised by Defendant Maraziti, Defendant Ruitenberg, Defendant Carney and the Hunter Defendants that Plaintiff's pleading contains nothing more than the conclusory statement that Defendants "acted negligently"to suggest a claim for negligence. As such, Defendants' motion to dismiss Plaintiff's claim for negligence is **granted.**

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for leave to amend her Complaint is denied. The Hunter Defendants, the Police Defendants, the PARSA Defendants, Defendant Maraziti, Defendant Ruitenberg, and Defendant Carney's motions to

dismiss are granted, and the Prosecutor Defendants' motion for summary judgment is granted.

An appropriate Order accompanies this Opinion.

                        S/ Dennis M. Cavanaugh
                        Dennis M. Cavanaugh, U.S.D.J.

Date:        July 10, 2006
Original:    Clerk's Office
cc:         All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File